1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# DISTRICT OF NEVADA

10

\* \* \*

11

12 BOBBY SHOMER,                                    )        Case No.: 2:11-cv-00346-RLH-PAL
                                                    )
13            Plaintiff,                             )        **O R D E R**
                                                    )
14     vs.                                           )        (Motion to Dismiss–#11;
                                                    )        Motion to Dismiss–#18;
15 BANK OF AMERICA, N.A.; BAC HOME                   )        Partial Motion to Dismiss–#32;
   LOANS SERVICING LP; MTC FINANCIAL;               )        Motion to Expunge Lis Pendens–#33)
16 and DOES 1-50,                                    )
                                                    )
17            Defendants.                            )
   _____         )

18

19          Before the Court is former Defendant MTC Financial's **Motion to Dismiss** (#11,

20 filed June 9, 2011) for failure to state a claim, and Defendant Bank of America, N.A.'s (as Bank of

21 America, N.A. and as successor by merger to BAC Home Loans Servicing, LP) ("Bank of

22 America") **Motion to Dismiss** (#18, filed July 14), **Partial Motion to Dismiss** (#32, filed Sep. 2),

23 and **Motion to Expunge Lis Pendens** (#33, filed Sep. 2).  The Court has also considered the

24 oppositions and replies to these motions.

25 ///

26 ///

**BACKGROUND**

This case arises out of the loan agreement between Plaintiff Bobby Shomer and Bank of America.  Shomer makes the following allegations in support of his complaint.  In January 2007, Shomer entered into a contract with Bank of America whereby Bank of America would lend Shomer money to build a home and upon completion of the construction would roll the construction loan over to a standard mortgage.  However, before construction of the home was complete, Bank of America attempted to negotiate different terms for the agreement.  Shomer rejected all of Bank of America's proposed terms.  Shomer was making all of his payments during this time but for whatever reason in 2008 some of his payments were misallocated by Bank of America.  Due to this misallocation, Bank of America treated Shomer's account as in default.  In early 2009, Bank of America told Shomer that he could modify his loan if he stopped making payments.  Shomer missed two payments per Bank of America's instructions.  However, because the loan was never modified Shomer commenced making payments again.  In February 2010, Bank of America contacted Shomer and told him that he had to modify his loan or face foreclosure.  Shomer continued to try to make his regular payments to Bank of America but was obstructed in various ways.  Eventually, in March 2010 Shomer stopped making payments altogether and filed suit in state court.

After Bank of America removed the case to this Court various motions were filed, including a motion to dismiss by former Defendant MTC Financial, and two motions to dismiss by Bank of America.  For the reasons discussed below, the Court grants Bank of America's partial motion to dismiss in part and denies it in part.  All other motions are denied as moot.

**DISCUSSION**

**I.      Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

## II.    Analysis

As a preliminary matter, the Court denies Defendant MTC Financial's motion to dismiss (#11) as moot because the parties have stipulated that MTC Financial be dismissed from this lawsuit (#19).  Furthermore, the Court denies Bank of America's motion to dismiss (#18) as moot because Shomer subsequently filed his first amended complaint (#21) and Bank of America

1    has expressed its intention to only challenge Shomer's tort claims at this juncture (#32, Partial

2    Motion to Dismiss, 2:7-10).  Finally, the Court denies Bank of America's motion to expunge lis

3    pendens (#33) as moot because it has expressed its intent to abandon that request at this juncture

4    (#32, Partial Motion to Dismiss, 2 n. 1).  Therefore, the only outstanding motion in this case is

5    Bank of America's partial motion to dismiss (#32).  In this motion, Bank of America seeks

6    dismissal of Shomer's tort-based claims.

7                    **A.    Fraudulent or Intentional Misrepresentation**

8                    To state a valid claim for fraudulent or intentional misrepresentation, a plaintiff

9    must adequately allege (1) a false representation made by the defendant, (2) defendant knew or

10   believed that his or her representation was false, or defendant had an insufficient basis of

11   information for making the representation, (3) defendant intended to induce plaintiff to act or

12   refrain from acting upon the misrepresentation, (4) plaintiff justifiably relied upon defendant's

13   representation, and (5) damages to plaintiff as a result of relying on the misrepresentation.

14   *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 446-47 (Nev. 1998).

15                   Shomer's fraud claim is based on two alleged misrepresentations.  First, Shomer

16   alleges that "Defendant [] made a false representation when threatening that the Property could be

17   foreclosed on if Plaintiff did not agree to a different loan."  (#21, First Amended Complaint, ¶ 46 ).

18   Bank of America argues that this alleged misrepresentation is not actionable fraud because it is at

19   most a misrepresentation of the law, *i.e.*, Bank of America's understanding of their right to

20   foreclose.  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004) ("as a general rule . .

21   . fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of

22   law").  However, the Court finds that the representation that Bank of America could foreclose if

23   Shomer did not modify is actionable fraud because Bank of America purports to have special

24   knowledge concerning its rights to foreclose on mortgages.  *Id.* (a misrepresentation of the law is

25   actionable fraud if the party making the misrepresentation purports to have special knowledge

26   ///

4

AO 72
(Rev. 8/82)

1   concerning the issue).  The Court further finds that Shomer has alleged sufficient facts under Rule

2   9(b) because he alleges that he justifiably relied on Bank of America's misrepresentation.

3           Second, Shomer alleges that "Defendant [] made another false representation when

4   they told Plaintiff that he must stop making payments to continue with his loan."  (#21, First

5   Amended Complaint, ¶ 47).  Bank of America argues that Shomer has failed to adequately plead

6   damages with the specificity required under Rule 9(b).  The Court agrees.  Shomer alleges that he

7   missed two payments in 2009 per Bank of America's representation, but he also admits that he

8   began making payments again after he discovered that Bank of America was not prepared to

9   modify his loan.  Shomer does not allege how the missed payments caused him damages.

10  Therefore, the Court finds that Shomer has failed to adequately plead damages for this alleged

11  misrepresentation.  Accordingly, Shomer's third cause of action for fraudulent or intentional

12  misrepresentation is limited to Bank of America's alleged misrepresentation that it would

13  foreclose on Shomer's property if he did not agree to a different loan.  The Court dismisses the

14  alleged misrepresentation to stop making payments, but it does so without prejudice.

15         **B.**    **Deceptive Trade Practices**

16          Bank of America asks the Court to dismiss this claim because it is barred by the

17  statute of limitations.  The Court disagrees.  The claim is based on alleged violations of various

18  provisions of the Deceptive Trade Practices Act ("the Act").  Under the statute of limitations, "[a]n

19  action against a person alleged to have committed a deceptive trade practice" must be commenced

20  within four years from the time "the aggrieved party discovers, or by the exercise of due diligence

21  should have discovered, the facts constituting the deceptive trade practice."  NRS 11.190(2)(d).

22  The earliest alleged violation of the Act occurred in March 2008.  Shomer filed his complaint only

23  three years later, in March 2011.  Therefore, the statute of limitations had not run at the time

24  Shomer filed his complaint.  Bank of America also argues that this claim was not plead with

25  sufficient particularity under Rule 9(b).  Again, the Court disagrees.  Shomer alleges which

26  provision of the Act was violated along with reference to the specific conduct constituting the

AO 72
(Rev. 8/82)

1  alleged violation.  The Court finds this is sufficient.  Accordingly, the Court denies Bank of

2  America's motion as to this claim.

3        **C.**      **Tortious Interference**

4        To state a valid tortious interference claim, a plaintiff must adequately allege (1) a

5  valid and existing contract, (2) the defendant's knowledge of the contract, (3) intentional acts

6  intended or designed to disrupt the contractual relationship, (4) actual disruption of the contract,

7  and (5) resulting damage.  *J.J. Industries, LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

8        Shomer has stated a valid claim for tortious interference.  He alleges that he leased

9  the property in question to a tenant and that the bank offered the tenant money to break the lease.

10  Bank of America seeks dismissal of this claim because the complaint only alleges that the tenant

11  *intends* to break the lease, not that they have actually broken it.  The Court finds this argument to

12  be  unpersuasive.  First, because the tenants has now broken the lease Shomer has a valid claim for

13  damages and Bank of America's argument is essentially moot.  But even if the lease wasn't yet

14  actually broken, Shomer would still have a valid claim for damages because of the economic

15  uncertainty created by the tenants expressed intent to break the lease.  Accordingly, the Court

16  denies Bank of America's motion with respect to this claim.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

AO 72
(Rev. 8/82)

1                                       **CONCLUSION**

2         Accordingly, and for good cause appearing,

3         IT IS HEREBY ORDERED that MTC Financial's Motion to Dismiss (#11) is

4 DENIED as moot.

5         IT IS FURTHER ORDERED that Bank of America's Motion to Dismiss (#18) is

6 DENIED as moot.

7         IT IS FURTHER ORDERED that Bank of America's Partial Motion to Dismiss

8 (#32) is GRANTED in part without prejudice and DENIED in part.  The motion is granted as to

9 Shomer's fraudulent misrepresentation allegation that Bank of America made a false

10 representation when they told Shomer to stop making payments in order to modify his loan.  All

11 other claims and allegations remain.

12         IT IS FURTHER ORDERED that Bank of America's Motion to Expunge Lis

13 Pendens is DENIED as moot.

14         Dated: Nov. 28, 2011

15

16                                   **ROGER L. HUNT**
                                   **United States District Judge**

17

18

19

20

21

22

23

24

25

26